Roberts *et al. v.* Lovitt.

Filed October 9, 1895.

---

No. 1,534.

## ROBERTS ET AL. *v.* LOVITT.

APPEAL BOND.—*Action On.—Recovery.—Measure of Damages.*—Where the complaint and the finding show that at the time the appeal bond was executed the appellant owned sufficient property subject to execution to satisfy the judgment, but that when the appeal was dismissed he owned no property subject to execution, the plaintiff is entitled to recover on the bond, and the measure of plaintiff's damages is the amount of plaintiff's judgment with interest and costs.

From the Shelby Circuit Court.

*J. B. McFadden*, for appellants.

*A. F. Wray* and *T. H. Campbell*, for appellee.

DAVIS, J.—On the first of June, 1892, appellee recovered judgment before a justice of the peace for work and labor, against one Milton Roberts. On the 4th of June

said Roberts appealed from said judgment to the Shelby Circuit Court. The appeal bond, properly conditioned, was executed by appellant as surety. The appeal was dismissed on the 4th of October, 1892. This action was instituted on the bond. It is alleged in the complaint, in substance, that when said appeal was taken, said Roberts was the owner of sufficient property subject to execution, out of which the judgment could have been collected, and that after the appeal was taken said Roberts sold and transferred part of his property and expended and used the proceeds thereof, and that when the appeal was dismissed he did not have, and has not had since, any property subject to execution to satisfy the judgment or any part thereof. The cause was tried by the court. The facts were found specially. Conclusions of law were stated by the court, on which judgment was rendered against appellant.

The appellant assigns two errors in this court, to-wit:

"1. That the court erred in its conclusions of law on the facts found.

"2. That the court erred in overruling the motion for a new trial."

The court found that at the date of the rendition of the judgment, said Roberts owned personal property mentioned and described in the finding of the net value of $700 above incumbrances. Appellee's judgment, including costs, amounted to $50.79. Roberts was a householder. The court further found that in October, 1892, and up to the time of the institution of this suit, said Roberts was insolvent, and did not have property of the value of $600.

In support of his motion for a new trial, counsel for appellant insists that the evidence does not sustain the finding that Roberts was insolvent and did not have property of the value of $600, in October.

It is conceded that Roberts was solvent on the 4th of June, 1892. The contention is, that the presumption that he continued solvent was not overcome by the evidence. Roberts, as well as other witnesses, testified in relation to the property he owned in June and October and the intervening months, and Roberts testified that in October, 1892, he did not own more than $600 worth of property. This testimony, in connection with the other facts and circumstances appearing in evidence, was sufficient to justify the inference that he owned no property subject to execution in October.

The only argument in support of the assignment that the court erred in its conclusions of law on the facts found, is that the finding fails to disclose the facts showing that Roberts, after the appeal, sold and transferred his property, and that he expended, used up and consumed the proceeds of certain sales. The gist of the averment in appellee's complaint was that Roberts, when the judgment was rendered, owned sufficient property subject to execution to satisfy the judgment, and that when the appeal was dismissed he owned no property subject to execution. The finding supports this charge. It is true the finding does not set out what property he had sold or transferred, or what he had done with the proceeds of the sales. The important question was not, however, what he had done with his property. When it was ascertained that he owned property subject to execution sufficient to satisfy the judgment at the time the appeal was taken, the next material question under the issues was whether he owned any such property when the appeal was dismissed. All the appellee was required to do on this question was to show that when the appeal was dismissed, said Roberts owned no property subject to execution. If Roberts owned at the time the appeal was taken sufficient property subject to

execution to satisfy the appellee's judgment, and if the appeal prevented the collection of the judgment by execution, and if, when the appeal was dismissed, Roberts owned no property subject to execution, it requires no argument to show that the measure of appellee's damages which he was entitled to recover in an action on the appeal bond was the amount of his judgment with interest and costs.

So far as our attention has been called to the record, we find no error that would justify a reversal of the judgment of the court below.

Judgment affirmed.

Filed October 15, 1895.